OPINION
FELIPE REYNA, Justice.
Drag Test USA, a Texas company, filed suit against Buyers Shopping Network, a Florida company, (“BSN”) for breach of contract. The trial court sustained BSN’s special appearance, premised on a choice-of-venue provision fixing venue for disputes over the parties’ contract in Florida. Drag Test contends in its sole issue that the choice-of-venue provision is voidable because it does not satisfy the conspicuousness requirements of section 35.53(b) of the Business and Commerce Code. Because we agree, we will reverse and remand.
Drag Test signed a Vendor Participation Agreement with BSN which provided that BSN would market a certain product marketed and sold by Drag Test. This appeal concerns paragraph 10 of the parties’ contract, which states:
The parties agree that Florida law applies and the jurisdiction and venue for any action regarding this agreement shall lie exclusively in the courts of Bro-ward County, Florida.
Drag Test contends in its sole issue that paragraph 10 is voidable because it does not comply with section 35.53(b) of the Business and Commerce Code, which provides:
(b) If a contract to which this section applies contains a provision making the contract or any conflict arising under the contract subject to the laws of another state, to litigation in the courts of another state, or to arbitration in another state, the provisions must be set out conspicuously in print, type, or other form of writing that is bold-faced, capitalized, underlined, or otherwise set out in such a manner that a reasonable person against whom the provision may operate would notice. If the provision is not set out as provided by this subsection, the provision is voidable by a party against whom it is sought to be enforced.
Tex. Bus. & Com.Code Ann. § 35.53(b) (Vernon 2002).
Section 35.53 applies to any contract which meets the following criteria:
(1) the contract is for the sale, lease, exchange, or other disposition for value of goods for the price, rental, or other consideration of $50,000 or less;
(2) any element of the execution of the contract occurred in this state and a party to the contract is:
(A) an individual resident of this state; or
(B) an association or corporation created under the laws of this state or having its principal place of business in this state; and
*179 (3) Section 1.105 of this code does not apply to the contract.
Id. § 35.53(a) (Vernon 2002).
According to section 35.53(a)(3), if former[1] section 1.105 applies to the parties’ contract, then section 35.53 does not. See id. § 35.53(a)(3); My Cafe-CCC, Ltd. v. Lunchstop, Inc., 107 S.W.3d 860, 865 (Tex.App.-Dallas 2003, no pet.). Section 1.105(a) provides in pertinent part, “[W]hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties.” Act of May 24, 1973, 63d Leg., R.S., ch. 400, § 1, 1973 Tex. Gen. Laws 997, 997 (amended 2003) (current version at Tex. Bus. & Com.Code Ann. § 1.301(a) (Vernon Supp.2004-2005)).
Here, section 1.105 applies to the parties’ contract because the contract transaction “bears a reasonable relation” to both Texas and Florida due to the parties’ respective principal places of business. My Cafe-CCC, 107 S.W.3d at 865; Salazar v. Coastal Corp., 928 S.W.2d 162, 167 (Tex.App.-Houston [14th Dist.] 1996, no writ). Because section 1.105 applies, section 35.53 does not apply, according to the plain language of the statute. Tex. Bus. & Com.Code Ann. § 35.53(a)(3); My Cafe-CCC, 107 S.W.3d at 865.
However, Drug Test contends that applying the plain language of subsection (a)(3) (the section 1.105 exclusion) leads to an absurd result, namely, that section 35.53 “would never apply to any contract anywhere at any time in Texas.” We must resolve this contention by referring to the settled rules for statutory construction.
“We begin with the words used. We may also consider the object to be attained by the statutes, the circumstances surrounding the statutes’ enactment, legislative history, former statutory and common law, and the consequences of a particular construction.” City of Austin v. Sw. Bell Tel. Co., 92 S.W.3d 434, 442 (Tex.2002); see also Tex. Gov’t Code Ann. § 311.023 (Vernon 1998). We should “avoid construing a statutory provision in isolation from the rest of the statute; we should consider the act as a whole, and not just single phrases, clauses, or sentences.” City of Austin, 92 S.W.3d at 442.
The Plain Language Of The Section 1.105 Exclusion Appears To Conflict With The Plain Language Of The Remainder Of Section 35.53
Section 35.53 applies to multi-state contracts “for the sale, lease, exchange, or other disposition for value of goods for the price, rental, or other consideration of $50,000 or less.” Tex. Bus & Com.Code Ann. § 35.53(a)(1). Section 1.105 applies to any transaction which “bears a reasonable relation to this state and also to another state or nation,” with some exclusions. Act of May 24, 1973, 63d Leg., R.S., ch. 400, § 1, 1973 Tex. Gen. Laws at 997 (amended 2003).
Aside from the section 1.105 exclusion, section 35.53 does not apply to contracts involving goods worth more than $50,000 or not involving a Texas resident or business. See Tex. Bus. & Com.Code Ann. § 35.53(a)(1), (2). Conversely, section 1.105 does not apply to certain specified *180 commercial transactions[2] which have their own choice-of-law rules and does not apply to transactions involving a consideration of $1,000,000 or more. See Act of May 17, 2001, 77th Leg., R.S., ch. 705, § 24, 2001 Tex. Gen. Laws 1403, 1413-14 (amended 2003) (current version at Tex. Bus. & Com. Code Ann. § 1.301(b) (Vernon Supp.2004-2005)); Act of May 30, 1993, 73d Leg., R.S., ch. 570, § 2, 1993 Tex. Gen. Laws 2098, 2124, (amended 2003) (current version at Tex. Bus. & Com.Code Ann. § 1.301(c) (Vernon Supp.2004-2005)); Tex. Bus. & Com.Code Ann. § 35.51 (Vernon 2002).
BSN contends that the section 1.105 exclusion does not conflict with the remainder of section 35.53 because section 1.105 applies only to a contract which has a reasonable relationship with Texas and with another state. Thus, under BSN’s construction, section 35.53 would apply only when two parties in Texas negotiate a contract which provides that the law of another state applies, even though the other state does not have a reasonable relationship with the transaction. Cf. My Cafe-CCC, 107 S.W.3d at 865; Salazar, 928 S.W.2d at 167 (both holding that transaction bears reasonable relationship to state in which a party maintains its principal place of business). This is not a reasonable construction because it renders section 35.53 virtually superfluous. See Bd. of Adjustment of City of San Antonio v. Wende, 92 S.W.3d 424, 432 (Tex.2002) (statutes should be construed “to avoid conflict and superfluities if possible”).
Another possible point of differentiation would be that section 1.105 is limited to contracts covered by the Uniform Commercial Code while section 35.53 applies to contracts not covered by the UCC. However, section 35.53 applies to contracts “for the sale, lease, exchange, or other disposition for value of goods for the price, rental, or other consideration of $50,000 or less.” Tex. Bus & Com.Code Ann. § 35.53(a)(1). It would be difficult to fathom a contract which fits within this definition but is not covered by the UCC. Thus, a UCC/non-UCC differentiation does not appear to be a viable construction either.
The Legislative History Of Section 35.53 Suggests That The Section 1.105 Exclusion Is Limited To Those Commercial Transactions Listed In Section 1.105(b)
Section 35.53 was enacted in 1987. See Act of May 25, 1987, 70th Leg., R.S., ch. 812, § 1, 1987 Tex. Gen. Laws 2815, 2815 (amended 1989). Its primary purpose of protection for Texas residents and businesses entering multi-state contracts is apparent on its face. It co-existed with section 1.105, neither referring to the other, for six years. In 1989, the Legislature *181 amended the statute to limit its reach to contracts involving goods worth $50,000 or less[3] and to revise the conspicuousness requirements of subsection (b). See Act of May 29, 1989, 71st Leg., R.S., ch. 622, § 2, 1989 Tex. Gen. Laws 2052, 2052 (amended 1991).[4]
The next Legislature amended section 35.53 to add subsection (c), governing choice-of-law and choice-of-venue provisions in construction contracts. See Act of May 27, 1991, 72d Leg., R.S., ch. 840, § 1, 1991 Tex. Gen. Laws 2903, 2903 (amended 1993) (current version at Tex. Bus. & Com. Code Ann. § 35.52 (Vernon 2002)). Subsection (c) made voidable any choice-of-law or choice-of-venue provision in a construction contract which made the contract or disputes thereunder subject to the laws of another state, to litigation in another state, or to arbitration in another state. Id.
The last amendments to section 35.53 were made by the 73rd Legislature. That Legislature deleted the provisions of the statute referring to construction contracts and recodified those provisions with further refinements as section 35.52. See Act of May 30, 1993, 73d Leg., R.S., ch. 570, §§ 13-15,1993 Tex. Gen. Laws at 2144-46. The 73rd Legislature also added the section 1.105 exclusion. Id. § 14, 1993 Tex. Gen. Laws at 2145.
Section 1.105 was also amended by the 73rd Legislature to add exclusionary language with respect to transactions governed by the newly-enacted section 35.51 and to revise the list of transactions excluded by subsection (b) of the statute. Id. § 2, 1993 Tex. Gen. Laws at 2124 (amended 2001).
From the statutory history, it appears that the section 1.105 exclusion was added as part of a broader collection of modifications to the statutory scheme relevant to choice-of-law and choice-of-venue provisions in multi-state contracts. These modifications indicate a legislative intent to maintain the various components of this statutory scheme, including the conspicuousness requirement of section 35.53(b). To effectuate this intent, we believe that the Legislature intended the section 1.105 exclusion of section 35.53(a)(3) to refer to one of the exclusionary provisions contained within section 1.105: subsection (b) or subsection (c).
A reference to subsection (c) would make little sense in this regard because transactions referred to in subsection (c) (those involving $1,000,000 or more) can never come within those transactions potentially included within section 35.53 (those involving $50,000 or less). Therefore, we construe the section 1.105 exclusion to be a reference to those commercial transactions expressly excluded by subsection (b).[5]
*182 The contract between Drug Test and BSN is not one of those transactions specifically enumerated in section 1.10503). See Act of May 17, 2001, 77th Leg., R.S., ch. 705, § 24, 2001 Tex. Gen. Laws at 1413-14. BSN does not dispute that the contract involves goods valued at $50,000 or less, that. Drug Test maintains its principle place of business in Texas, or that paragraph 10 of the contract does not comply with section 35.53(b). See Tex. Bus. & Com.Code Ann. § 35.53. Accordingly, we sustain Drug Test’s sole issue.
We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.
Chief Justice GRAY, dissenting.

. In 2003, the Legislature renumbered section 1.105 without substantive change as section 1.301. See Act of May 22, 2003, 78th Leg., R.S., ch. 542, § 1, 2003 Tex. Gen. Laws 1840, 1841-49. Because the amendment is not expressly retroactive, the former statute applies in this case. See Tex. Gov’t Code Ann. § 311.022 (Vernon 1998). We refer to the statute hereinafter as "section 1.105.”

. At the time the parties executed the contract in this case, section 1.105(b) provided:
(b) Where one of the following provisions of this title specifies the applicable law, that provision governs and a contrary agreement is effective only to the extent permitted by the law (including the conflict of laws rules) so specified:
Rights of creditors against sold goods. Section 2.402.
Applicability of the chapter on Leases. Sections 2A.105 and 2A.106.
Applicability of the chapter on Bank Deposits and Collections. Section 4.102.
Governing law in the chapter on Funds Transfers. Section 4A.507.
Letters of Credit. Section 5.116.
Applicability of the chapter on Investment Securities. Section 8.110.
Law governing perfection, the effect of perfection or nonperfection, and the priority of security interests and agricultural liens.
Sections 9.301-9.307.
Act of May 17, 2001, 77th Leg., R.S., ch. 705, § 24, 2001 Tex. Gen. Laws 1403, 1413-14 (amended 2003) (current version at Tex. Bus. & Com.Code Ann. § 1.301(b)) (Vernon Supp. 2004-2005).

. As originally enacted, section 35.53 applied to virtually all multi-state contracts involving Texas residents or businesses, regardless of the stated consideration. See Act of May 25, 1987, 70th Leg., R.S., ch. 812, § 1, 1987 Tex. Gen. Laws 2815, 2815 (amended 1989).

. The 71st Legislature actually amended the statute twice in 1989. In chapter 622, referenced above, the Legislature made uniform amendments to several statutes requiring that certain contract provisions be set out in a conspicuous manner, amending the statutes in each instance to read that such provisions be "boldfaced, capitalized, underlined, or otherwise set out [in a conspicuous manner].” See Act of May 29, 1989, 71st Leg., R.S., ch. 622, §§ 1-9, 1989 Tex. Gen. Laws 2052, 2052-55. This amendment also included the $50,000 limitation referenced above. Id. § 2, 1989 Tex. Gen. Laws at 2052 (amended 1991). In chapter 772, the 71st Legislature enacted the same amendments solely with reference to section 35.53 and not with reference to the other statutes amended by chapter 622. See Act of May 20, 1989, 71st Leg., ch. 772, § 1, 1989 Tex. Gen. Laws 3379, 3379-80.

. See note 2, supra.